IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DEAN COOK, #S11255, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00967-JPG |
| | ) |
| DR. BON, | ) |
| LT. COLLMAN, | ) |
| SGT. CRAIG, | ) |
| JOHN DOE 1-10, | ) |
| JANE DOE 1-4, | ) |
| and JOHN D. LAKIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff James Cook, an inmate who is in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Madison County Jail ("Jail") in 2017. (Doc. 1). Plaintiff allegedly contracted *Staphylococcus aureus* ("*Staph*") at the Jail, after he was placed in a cell with an inmate suffering from an active *Staph* infection. (*Id*. at pp. 1-32). Plaintiff was denied adequate medical care for his resulting infection. He seeks money damages for violations of his Eighth and/or Fourteenth Amendment rights. (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-32): During his detention at Madison County Jail in late June 2017, Plaintiff was housed with a cellmate who was diagnosed with active *Staph* infection. (*Id*. at pp. 7, 21). The Jail's physician (Dr. Bon) was in charge of quarantine decisions but declined to separate the infected individual from the general inmate population. (*Id*.). When Plaintiff complained to Lieutenant Collman, Sergeant Craig, and unknown officers (John Doe 1-10), they told him to "deal with it." (*Id*. at p. 8). When he requested cleaning supplies, they denied his requests. (*Id*.).

In early July 2017, Plaintiff contracted *Staph*. (*Id*.). He showed the same officers a large, swollen, red, and painful sore on his abdomen. (*Id*.). They instructed him to "put in a sick call slip," and he did. (*Id*.).

Between July 5, 2017 and August 4, 2017, Plaintiff was seen by four unknown nurses (Jane Doe 1-4) on nine separate occasions. (*Id*.). Each time, they denied care for his infection and offered him Tylenol and Ibuprofen for what they called a spider bite, in-grown hair, and/or infected pimple. (*Id*.). Meanwhile, the initial wound grew to a softball-sized abscess on Plaintiff's abdomen, and additional sores developed. (*Id*. at p. 17).

Desperate for treatment, Plaintiff faked his own suicide on August 4, 2017. (*Id*. at p. 9). He was placed on suicide watch in the "drunk tank." (*Id*.). When a mental health professional spoke with him, he showed her the open sores and described the pain he was suffering. (*Id*.). She immediately removed him from suicide watch and summoned Lieutenant Collman for help. (*Id*.). Only then did Lieutenant Collman send Plaintiff to Dr. Bon for treatment. (*Id*.).

The doctor immediately sent Plaintiff to the hospital. (*Id*. at pp. 9-10). Plaintiff's wounds were surgically drained, and he was diagnosed with *Staphylococcus aureus* ("*Staph*"). (*Id*. at p.

10). He was given Clindamycin and instructed to take three capsules four times per day. (*Id.*). When he returned to the Jail, however, Dr. Bon disregarded these orders and gave Plaintiff the antibiotic only *three* times per day, along with Tramadol for pain. (*Id.*). When Plaintiff's wounds cleared up, Dr. Bon removed him from quarantine and cancelled his medications. (*Id.*).

Approximately six weeks later, Plaintiff suffered a second round of infection. (*Id.* at p. 11). Dr. Bon sent him back to the hospital for another round of surgery and antibiotics—referring to his infection as "cellulitis or a spider bite." (*Id.*). When Plaintiff returned to the Jail, Dr. Bon again gave him antibiotics *three* times per day, not four, and failed to quarantine him. (*Id*). When his wounds healed, Plaintiff was sent to Graham Correctional Center. (*Id.*).

Based on the allegations summarized herein, the Court designates the following counts in the *pro se* Complaint:

> **Count 1:** Eighth/Fourteenth Amendment claim against Dr. Bon for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail in 2017, by failing to quarantine Plaintiff's cellmate when he had *Staph* infection.
>
> **Count 2:** Eighth/Fourteenth Amendment claim against Lt. Collman, Sgt. Craig, and Officers John Doe 1-10 for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail in 2017 by leaving Plaintiff in a cell with an inmate who was suffering from *Staph* infection and disregarding Plaintiff's subsequent complaints of infection.
>
> **Count 3:** Eighth/Fourteenth Amendment claim against Nurses Jane Doe 1-4 for denying Plaintiff treatment for *Staph* infection in 2017.
>
> **Count 4:** Eighth/Fourteenth Amendment claim against Dr. Bon for providing inadequate medical care for Plaintiff's first *Staph* infection in 2017.
>
> **Count 5:** Eighth/Fourteenth Amendment claim against Dr. Bon for providing inadequate medical care for Plaintiff's second *Staph* infection in 2017.
>
> **Count 6:** Eighth/Fourteenth Amendment claim against Defendants for their policy, custom, or practice of "allowing unlawful conditions to exist" at the Jail.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The applicable legal standard for Plaintiff's claims depends on his status as a convicted person or a pretrial detainee when his claims arose at the Jail. Claims brought by a prisoner are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. U.S. CONST. amend VIII. All Eighth Amendment claims include an objective and a subjective component, requiring the plaintiff to show an objectively serious deprivation and deliberate indifference on the part of each defendant. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir 2011). The allegations support Eighth Amendment claims against those defendants who are named in connection with Counts 1 through 5.

Claims brought by a pretrial detainee are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2472 (2015); *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018)). The Fourteenth Amendment sets an objective reasonableness standard, instead of a deliberate indifference standard. This standard is less demanding than the Eighth Amendment deliberate indifference standard. Plaintiff's allegations also support Fourteenth Amendment claims against those defendants who are named in connection with Counts 1 through 5.

Count 6 is still undeveloped and is dismissed without prejudice. Plaintiff admittedly has no evidence to support the claim, but he seeks permission to reinstate it should the need arise. (Doc. 1, p. 7). He may do so by filing an amended complaint, consistent with the deadline and instructions in the scheduling order that will be entered in this case once the defendants answer the Complaint.

Sheriff Lakin is named as a defendant for the sole purpose of identifying the unknown defendants. (*See* Doc. 1, p. 3). *See also Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Plaintiff explicitly states this and sets forth no allegations against the sheriff in the statement of claim. Therefore, all individual capacity claims against the sheriff shall be dismissed without prejudice from this action. The sheriff shall remain named as a defendant in his official capacity only and is responsible for identifying the unknown defendants (Officers John Doe 1-10 and Nurses Jane Doe 1-4). Once the names of these unknown individuals are discovered, Plaintiff shall file a motion to substitute each newly-identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **GRANTED**. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). There is no constitutional or statutory right to counsel in federal civil cases. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Id*. When considering a request for counsel, the district court must consider whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Plaintiff has demonstrated reasonable, but unsuccessful, efforts to locate counsel on his own. His case also presents complex and concerning medical claims against numerous unknown and known staff at a facility where he is no longer incarcerated. Given his limited education and the scope of this suit (which includes identification of 14 unknown defendants), the Court deems

it appropriate to assign counsel to assist Plaintiff. Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff *in this case*.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening, as follows:

- **COUNT 1** against Defendant **DR. BON**;
- **COUNT 2** against Defendants **LT. COLLMAN**, **SGT. CRAIG**, and **JOHN DOE 1-10**;
- **COUNT 3** against Defendants **JANE DOE 1-4**; and
- **COUNTS 4** and **5** against Defendants **DR. BON**.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 6** is **DISMISSED** without prejudice for failure to state a claim for relief against Defendants.

**IT IS ORDERED** that all individual capacity claims against Defendant **LAKIN** are **DISMISSED** without prejudice on the same grounds. Defendant **LAKIN** shall remain named as a defendant, in his official capacity only, for purposes of identifying the unknown defendants; he need only enter his appearance and is not required to answer the Complaint.

**The Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1, 2, 3, 4,** and **5**, the Clerk of Court shall prepare for Defendants **DR. BON, LT. COLLMAN, SGT. CRAIG, JOHN D. LAKIN (official capacity only), JOHN DOE 1-10 (once identified),** and **JANE DOE 1-4 (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

### Assignment of Counsel

. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Brian C. Wernsman** of **Crain, Miller et al.** located in Centralia, Illinois, is **ASSIGNED** to represent Plaintiff Cook in this civil rights case.  On or before **February 11, 2020**, assigned counsel shall enter his/her appearance in this case.  Attorney Wernsman is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order, the docket sheet, and the Complaint (Doc. 1) to attorney Wernsman.  The electronic case file is available in CM-ECF.

7

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including

substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**JAMES DEAN COOK, #S11255**
**Lawrence Correctional Center**
**10930 Lawrence Road**
**Sumner, IL 62466**

**IT IS SO ORDERED.**

**DATED: 1/29/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.