IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES DEAN COOK, #S11255,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00967-JPG |
| | ) |
| **LT. COLLMAN,** | ) |
| **CRAIG REICHARDT,** | ) |
| **SERGEANT DOVER,** | ) |
| **CAPTAIN RIDINGS,** | ) |
| **OFFICER REISENIETER,** | ) |
| **RN BRANDY KOTZAMANIS,** | ) |
| **LPN VALERIE BASSETT,** | ) |
| **BARBARA LATHAM,** | ) |
| **and ALISIA RUSHING,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Defendant Lieutenant Collman's Motion for Summary Judgment. (Doc. 29). Collman seeks dismissal of Count 2 as being time-barred. *Id*. For the reasons set forth below, the motion for summary judgment shall be **DENIED**.

### BACKGROUND

Plaintiff James Cook filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Madison County Jail ("Jail") for placing him in a cell with an inmate who was suffering from *Staphylococcus aureus* ("*Staph*") infection and causing him to contract the infection. (Doc. 1). Following preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with five claims against the defendants for exposing him to unconstitutional conditions of confinement at the Jail in violation of his rights under the Eighth and/or Fourteenth Amendments. (Doc. 9).

1

On September 11, 2020, Collman filed a motion for summary judgment seeking dismissal of the only claim against him:

> **COUNT 2:** Eighth/Fourteenth Amendment claim against Collman, Craig, and John Doe 1-10 for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail in 2017 by leaving him in a cell with an inmate who was suffering from *Staph* infection and disregarding his subsequent complaints of infection.

(Doc. 29). Collman argues that Plaintiff filed suit against him after the two-year statute of limitations applicable to this claim expired. *Id*. Plaintiff filed a Response in opposition to the motion on October 10, 2020. (Doc. 34).

## RELEVANT FACTS

The following facts are taken from the record and presented in the light most favorable to Plaintiff because he is the non-moving party. *See Ricci v. DeStefano*, 557 U.S. 557, 585 (2009).

Plaintiff James Dean Cook was incarcerated at Madison County Jail on June 25, 2017. (Doc. 1, p. 7; Doc. 30-1, ¶ 1). After processing, he was placed in a cell with an inmate who was diagnosed with an active *Staph* infection. (Doc. 1, pp. 7, 21; Doc. 30-1, ¶ 2). Plaintiff complained and was told to "deal with it." (Doc. 1, pp. 8, 21; Doc. 30-1, ¶ 3). When he requested bleach and cleaning supplies, officers refused to provide any. *Id*. Plaintiff contracted *Staph* infection within ten days. (Doc. 1, p. 9; Doc. 30-1, ¶ 4).

Between July 5, 2017 and August 3, 2017, he was seen nine times by four different nurses for complaints of suspected *Staph* infection and a sore abdomen. (Doc. 1, p. 9; Doc. 30-1, ¶ 5). Each time, the nurses denied that he had *Staph* infection. (Doc. 1, p. 22, ¶ 5). They diagnosed him with various other conditions. *Id*.

On August 6, 2017, Dr. Bon met with Plaintiff to discuss his suspected *Staph* infection and, upon examination of his abdominal sore, sent him to Gateway Regional Medical Center

("GRMC") the same day. (Doc. 1, p. 10; Doc. 30-1, ¶ 6). At GRMC, Plaintiff's sores were cultured for proper diagnosis and surgical treatment. (Doc. 1, pp. 10, 23; Doc. 30-1, ¶ 7).

On August 8, 2017, test results confirmed the bacterial presence of *Staphylococcus aureus* ("*Staph*"). *Id*. Plaintiff was prescribed Clindamycin HCl (3 capsules, 4 times per day). *Id*. Following his treatment at GRMC, Plaintiff returned to the Jail and was quarantined in segregation for twenty-eight days. (Doc. 1, pp. 10, 23; Doc. 30-1, ¶ 8). Once the wounds cleared up, he was placed back in the general population. (Doc. 1, pp. 10, 23; Doc. 30-1, ¶ 9).

On September 3, 2019, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred in connection with his *Staph* infection. (Doc. 1). Relevant to the timing of his claim against Collman, Plaintiff alleges that "Defendants were deliberately indifferent to Plaintiff's serious medical needs as related to contact with, and contracture, and treatment of *Staphylococcus* (Staff) at the Madison County Jail, beginning in late June 2017." (Doc. 1, p. 7, ¶ 1; Doc. 34, ¶ 7). He submitted an affidavit describing these events, along with a handwritten grievance dated September 6, 2017. (Doc. 1, pp. 7, 15, ¶ 1; Doc. 34, ¶¶ 8-9). In the affidavit, Plaintiff states the following:

> Soon I developed a sore on my abdomen. It was swelling and very painful. Other sores were popping up after that, In all I spoke with and showed my sores to Sgt. Craig, Lt. Collman, and at least ten different officers that told me to put in a sick call slip. Which I did and was charged $5.00 to see a nurse nine times: 7-5-17, 7-10-17, 7-12-17, 7-13-17, 7-17-17, 7-20-17, 7-25-17, 7-31-17, and 8-3-17— see grievance I filed, last page, which is an accounting page initialed by each Nurse. It was written by me on 9-6-17, that is, the grievance was.

(Doc. 1, pp. 21-22, ¶ 4; Doc. 34, ¶ 10). Plaintiff also states that each nurse denied that he had *Staph* infection. (Doc. 1, pp. 21-22). When he was finally diagnosed with it on August 8, 2017, Plaintiff was placed on antibiotics to treat the condition. In the grievance dated September 6, 2017, Plaintiff complains that he was taken off the antibiotics after only ten days and was still infected

3

with *Staph*. *Id*. ("I am still inficted (sic) and it's getting bad again."). Plaintiff suffered another "outbreak" less than two months later and still more after that. (Doc. 1, pp. 23-24).

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed with claims of unconstitutional conditions of confinement against various officials at the Jail. (Doc. 9). Count 2 is the only claim against Collman. *Id*. In his Answer and Affirmative Defenses, the lieutenant asserted that Plaintiff's claims are barred by the applicable statute of limitations. (Doc. 21, p. 3).

Collman now moves for summary judgment. (Docs. 29, 30, and 30-1). He argues that Count 2 is time-barred. *Id*. More specifically, Collman asserts that Plaintiff's claim accrued when he requested treatment for abdominal sores he developed on or around July 5, 2017, after being placed in a cell with an inmate who was diagnosed with *Staph* infection ten days earlier, and he should have filed suit no later than July 5, 2019. Because Plaintiff did not do so until September 3, 2019, Collman seeks dismissal of Count 2. *Id*.

Plaintiff counters that the Complaint was timely filed. (Doc. 34). According to him, the statute of limitations did not begin to run until at least September 6, 2017, when Plaintiff filed a grievance to address the ongoing and continuing violation of his rights. Because he filed suit less than two years later, on September 3, 2019, he asks the Court to deny the pending motion. *Id*.

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d

4

837, 841 (7th Cir. 2004).  Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party.  *Id*.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994).  The Court must instead "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836.  If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists.  *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

## ANALYSIS

A two-year statute of limitations applies to Count 2 against Lieutenant Collman.  Because Section 1983 contains no statute of limitations, the court borrows the statute of limitations for personal injury actions from the state where the alleged injury occurred.  *See* 42 U.S.C. § 1983; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019) (citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000)).  Plaintiff's injury occurred in Illinois.  Under Illinois law, a plaintiff must assert a personal injury claim within two years of the date the cause of action accrues.  735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017).

For medical-type claims filed under Section 1983, such as the one presented in Count 2, "[t]he limitations period starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Devbrow v. Kalu*, 705 F.3d 765, 768

5

(7th Cir. 2013).  Put simply, the claim accrues when a plaintiff "knows his injury and its cause." *King v. Newbold*, 815 F. App'x 82 (7th Cir. 2020) (quoting *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  Plaintiff did not know his injury and its cause until he was diagnosed with *Staph* infection on August 8, 2017.

Prior to that time, he only knew of his injury—abdominal sores.  When he developed the sores ten days after he was housed with an inmate who tested positive for *Staph*, Plaintiff showed them to numerous officers, including Lieutenant Collman, and told them that he suspected *Staph* infection.  The officers recommended that Plaintiff file sick call requests, which he did on July 5, 2017, July 10, 2017, July 12, 2017, July 13, 2017, July 17, 2017, July 20, 2017, July 25, 2017, July 31, 2017, and August 3, 2017.  Although the officers did not disagree with Plaintiff's assessment of his injury, four nurses who met with him on nine occasions in July and August 2017 did disagree with him.  At each appointment, they assured Plaintiff that his sores were *not* the result of *Staph* infection.  For this reason, Plaintiff did not know of his injury and its cause until cultures of his wounds confirmed his *Staph* infection on August 8, 2017.

Plaintiff maintains that he continued to suffer from a continuing violation of his rights when his antibiotics were terminated after ten days, in mid-August 2017, and he was returned to the general population after twenty-eight days while still suffering from infection, in early September 2017.  (Doc. 1, pp. 15, 21-22; Doc. 34).  On September 6, 2017, Plaintiff filed a grievance to complain of the ongoing infection.  (Doc. 1, p. 15).  In his affidavit, Plaintiff asserted that he suffered another "outbreak" of *Staph* infection 1½ months later and still more after that time.  (Doc. 1, pp. 21-22).

When the violation of a plaintiff's constitutional right is ongoing, the statute of limitations does not start to run until some point after the date he knows of the injury and its cause.  *Devbrow*,

6

705 F.3d at 770.  The clock does not begin to tick "*any earlier* than the last day of the ongoing injury."  *Id*. (emphasis in the original) (citing *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001) ("'[T]he cause of action accrues at . . . the date of the last *injury*.'").  The accrual date of this cause of action would appear to at least extend to the date of the grievance, *i.e.*, September 6, 2017, based on application of the continuing violation doctrine.  Plaintiff filed suit less than two years later on September 3, 2019.

Moreover, this limitations period was tolled while the plaintiff exhausted the administrative grievance process.  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citing *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)).  The Seventh Circuit has found that federal courts must toll the statute of limitations while an inmate exhausts.  *Id*. at 522; *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008).  Tolling occurs from the time an inmate files his grievance until the time the administrative review process is finished.  *See Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007) (tolling period began on the date the inmate filed his grievance).  Plaintiff claims that he filed a single grievance on September 6, 2017.  (Doc. 1, p. 15).  The statute of limitations was tolled while he exhausted his remedies using the administrative grievance process.  Once Plaintiff received a final response, the grievance process was complete.  If he received no response, the grievance process was unavailable to him and thus complete.  *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (remedy can be unavailable where prison does not respond to inmate's grievance or used misconduct to prevent inmate from exhaustion); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).  Either way, the tolling of the statute of limitations ended upon completion of the grievance process.  Although the exact tolling period is not possible to determine here because the parties did not address the issue, it is also of no consequence.  The Complaint was timely filed less than two years after Plaintiff's claim accrued, based on application of the

7

continuing violation doctrine and tolling that occurred while he exhausted his remedies. Accordingly, the pending motion for summary judgment shall be denied.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant Lieutenant Collman's Motion for Summary Judgment (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 8/11/2021**

                                                          s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**