IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES DEAN COOK, #S11255,**  )<br>  )<br> **Plaintiff,**  )<br>  )<br> vs.  )<br>  )<br> **LT. COLLMAN,**  )<br> **CRAIG REICHARDT,**  )<br> **SERGEANT DOVER,**  )<br> **CAPTAIN RIDINGS,**  )<br> **OFFICER REISENIETER,**  )<br> **RN BRANDY KOTZAMANIS,**  )<br> **LPN VALERIE BASSETT,**  )<br> **BARBARA LATHAM,**  )<br> **and ALISIA RUSHING,**  )<br>  )<br> **Defendants.**  ) | Case No. 19-cv-00967-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on the Second Motion to Withdraw as Counsel (Doc. 73) filed by Attorneys Brian Wernsman and John R. Christeson of Crain, Miller & Wernsman, Ltd. For the reasons set forth herein, the motion shall be **GRANTED** and this case **DISMISSED with prejudice.**

### Background

Plaintiff James Cook filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from his placement in a cell with an inmate who had *Staphylococcus aureus* infection at Madison County Jail. (Doc. 1). Plaintiff contracted *staph* and was allegedly denied adequate medical treatment for the infection. He brought claims against the defendants for violations of his rights under the Eighth and/or Fourteenth Amendments. (*Id*.).

On January 29, 2020, the Court screened the Complaint pursuant to 28 U.S.C. 1915A and allowed four claims to proceed. (Doc. 9). The Court also granted Plaintiff's request for court-recruited counsel and assigned Attorney Brian Wernsman of Crain, Miller & Wernsman, Ltd. to represent Plaintiff. Attorney Wernsman has represented him in this matter ever since.

On May 5, 2022, Attorneys Wernsman and Christeson filed a First Motion to Withdraw as Counsel, citing a breakdown in communications with Plaintiff. (Doc. 68). The lapse in communications dated back to March 2022, when counsel made numerous unsuccessful attempts to contact him following his release on parole. (*Id*. at ¶¶ 4-5). For five weeks, Plaintiff did not respond to phone, electronic, or written communications. His attorneys were also unable to reach him through his parole agent. (*Id*.). Plaintiff's attorneys requested withdrawal from representation due to this communication lapse. (*Id*.).

On May 12, 2022, Attorneys Wernsman and Christeson filed a motion seeking to withdraw this request, after Plaintiff communicated with them and provided updated contact information. (Doc. 69). The Court granted the motion the next day. (Doc. 70). However, the Court issued the following warning to Plaintiff:

> Plaintiff is cautioned that further lapses in communication with his attorneys may result in an order allowing counsel to withdraw from his representation and dismissal of this action for failure to prosecute his claim. Plaintiff is against reminded of his obligation to notify his counsel and the court of all changes to his address within seven (7) days of any change.

(*Id*.). This Order echoed prior warnings about the consequences of failing to timely update Plaintiff's address with the Court. (*See* Doc. 4). In other words, this wasn't the first time he was warned that failure to provide updated contact information could result in dismissal of the action for failure to comply with a court order or for failure to prosecute his claims. (*See id*.) (citing FED. R. CIV. P. 41(b)).

Three months later on August 3, 2022, Plaintiff's counsel filed a Second Motion to Withdraw as Attorney. (Doc. 73). In the interim, at the request of Plaintiff's counsel, the Court amended the scheduling order and extended the deadlines for completing discovery and filing dispositive motions. (Doc. 72). In their second motion, however, Plaintiff's counsel states that communication breakdowns with Plaintiff have persisted and resulted in missed deadlines. Twice, Plaintiff's deposition has been scheduled and continued, due to Plaintiff's failure to communicate with counsel about deposition preparation and attendance. (*Id*. at ¶ 6). Throughout July, Plaintiff's counsel attempted to contact him by phone, email, and in writing via certified mail to discuss discovery issues. (*Id*. at ¶ 7). He did not respond to voicemail messages or emails, and his certified mail was returned as unclaimed or refused. (*Id*.). The discovery deadline has now passed, and Plaintiff has not complied with numerous deadlines. (*Id*. at ¶¶ 9-10). Plaintiff's counsel seeks withdrawal from his representation as a result, and he sent a copy of the motion via certified mail to Plaintiff's last-known mailing address. (*Id*. at ¶¶ 11-12).

On August 4, 2022, this Court entered the following Order to Show Cause:

ORDER TO SHOW CAUSE: Plaintiff's counsel filed a [73] Second Motion to Withdraw as Attorney based on Plaintiff's ongoing failure to communicate with his court-recruited counsel in this matter. Plaintiff was previously WARNED that further lapses in communication with his attorneys may result in an order allowing counsel to withdraw from his representation and dismissal of this action for failure to prosecute his claims. (See Order at Doc. 70). He was also reminded of his obligation to notify his counsel and the court of all changes to his address within seven (7) days of any change. Given the ongoing lapse in communications, the Court hereby ORDERS Plaintiff to SHOW CAUSE why the Court should not grant the second motion and dismiss the entire action based on Plaintiff's failure to communicate with his counsel and prosecute his claims in this case. Plaintiff's response is due on or before August 18, 2022. Failure to satisfy the show cause order by this deadline shall result in an order granting the motion and/or dismissing this action. See FED. R. CIV. P. 41(b).

(Doc. 74). To date, Plaintiff has not responded to this show cause order. The deadline for doing so was August 18, 2022, and nearly a week has passed since this deadline expired. (*Id*.).

3

## Discussion

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." FED. R. CIV. P. 41(b).  The Court also possesses authority to dismiss a lawsuit for want of prosecution when a plaintiff has failed to prosecute his claims with due diligence.  *William v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (district court inherently possesses authority to dismiss case *sua sponte* for want of prosecution).  Dismissal is one of the tools available to a district court to "achieve the orderly and expeditious disposition of cases."  *Id.*; *Harrington v. City of Chi.*, 433 F.3d 542 (7th Cir. 2006) (district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (district court did not abuse its discretion by dismissing lawsuit with prejudice for failure to prosecute without giving plaintiff explicit warning).  The Court deems it appropriate to grant the pending motion and dismiss this case as abandoned by Plaintiff.  Plaintiff is not in contact with his attorneys, and he missed his deposition twice.  He has not updated his address with the Court or responded to the pending show cause order.  Under the circumstances, dismissal of the case is warranted.

## Disposition

**IT IS ORDERED** that the Second Motion to Withdraw as Counsel filed by Attorneys Brian Wernsman and John R. Christeson of Crain, Miller & Wernsman, Ltd. Is **GRANTED**.  The Clerk's Office is **DIRECTED** to **TERMINATE** Brian Wernsman and John R. Christeson as attorneys for Plaintiff.

**IT IS ORDERED** that, due to Plaintiff's abandonment of his claims, this action is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The dismissal of this action does <u>not</u> count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for each action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the $350.00 filing fee remains due and payable in each case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 8/24/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**